BAILES, Judge.
Plaintiffs filed suit against defendants to recover damages allegedly sustained in a collision between the vehicles of Eddie S. Palmer, Sr., one of the plaintiffs, and Charles L. Crowe, one of the defendants. It is alleged that the accident occurred at the intersection of Beechwood Street and Evangeline Street in the City of Baton Rouge. It was alleged that the intersection was controlled by a flashing red light, which at the time of this accident was not operating and had not been operating for an undetermined period of time. Plaintiffs further alleged that the City of Baton Rouge and alternatively, the Parish of East Baton Rouge, depending upon which entity was responsible for the maintenance and repair of the traffic control device, was negligent in failing to maintain the traffic signal controlling traffic at the intersection of Beechwood and Evangeline Streets, and that the City of Baton Rouge knew or at least should have known that the traffic regulatory device was not operating. The City of Baton Rouge and the Parish of East Baton Rouge were impleaded as defendants herein on this basis.
Both the City of Baton Rouge and the Parish of East Baton Rouge separately filed peremptory exceptions. The exception of the Parish is that the erection, maintenance and repair of traffic control devices is a governmental function from which the Parish is immune from tort liability. After considering this exception, the trial court overruled it. The exception of the City is that Section 5.01 of the Plan of Government for the Parish and the City establishes a single unified Department of Public Works for the City and the Parish, and that Section 5.02, subsection (b) and (3) places authority for the erection or supervision of erection of traffic signals, lights and signs on the Division of Street Maintenance, Department of Public Works. The City *229 further contends in its exception that the transfer of this responsibility, power and duty from the City to the Parish has been specifically declared effective and legal in the case of State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477. The trial court sustained this exception and dismissed the City of Baton Rouge as a party-defendant herein.
We find the judgment of the trial court is correct and it is affirmed.
The main argument of the appellant is that the Plan of Government provides that the delegation of powers with respect to maintenance, erection and repair of streets and walkways, etc., from the City to the Parish “shall not be taken to diminish in any respect the power and obligation of the City, from whatever source derived, to: (2) regulate traffic and the parking of vehicles,” etc., Section 3.01(b), Plan of Government, and that thereby and thereunder the City is responsible and liable for the failure to maintain the traffic control signal.
The City argues that under the single unified Department of Public Works the Parish was cast with the responsibility to “ * * * (3) erect or supervise the erection of traffic signal lights and signs, etc., and that it naturally follows that the authority and responsibility to erect these traffic signals must include the responsibility to maintain the facility in proper working order.”
We sustain the position of the City. Under Chapter 5, Department of Public Works, Section 5.02 we find the following:
“The department of public works shall consist, besides the director of public works, of the following:
(a) ^ -i*
(b) The division of street maintenance which shall: (1) * * *; (2) * * *; (3) erect or supervise the erection of traffic signals, lights and signs, and paint traffic directions on pavements.”
The power, authority and duty to erect traffic signals, lights and signs must include the responsibility of properly maintaining these signals, lights and signs.
Constitutional authority for the City of Baton Rouge to transfer to the Parish the power, duty, function and responsibility for erecting and maintaining traffic signal lights and signs within the corporate limits of the City is implicit in the provisions of the Louisiana Constitution of 1921, Article 14, Section 3(a) (2) (a). Also see State ex rel. Kemp v. City of Baton Rouge (1949) 215 La. 315, 40 So.2d 477.
Accordingly, the judgment of the district court dismissing the City of Baton Rouge as a party defendant in this suit is sustained at appellants’ cost.
Affirmed.